May it please the court, my name is Andrew Johnson. I'm representing the Pope, Aung San Suu Kyi. He's a matter of him seeking for withholding an amulet with regard to his persecution on account of the one-child policy as well as his membership in the Mormon church in China. He's on condition that there was evidence to support an adverse credibility ruling. Let's back up a minute. Your statement of the case begins with this is an asylum case. Is it an asylum case? No, it's an erroneous statement because of the one-year problem. That's correct. In the basis for the persecution, there was an amulet on the basis of membership in the Mormon church, which was basically, well, I want to say tortured, but basically was executed with being detained for 14 days by the Chinese authorities. He also was, well he testified he was beaten up. And yet that's, I think, one of the more serious problems because in his written statement, he identified his torturers, the people that beat him up, as the police. In his testimony, he said it was the other inmates. Well, I think. Pretty glaring difference? Well, in his statement, when he says that he was inhumanely tortured, he makes it right out of the same sentence to talk about the inmates that he was with who would beat him up on several occasions, leaving him with bruises on his arms. So I think perhaps it's a more recorded written statement rather than that he's saying that he was not tortured, that he was tortured by the police. The counsel, if I may ask, don't use inconsistencies when it was the police or the inmates. Go to the very heart of his claim. In his testimony, there's an issue as to the statement of whether he was handcuffed, shackled, or whatever the time was in that statement. He never testified to that. I think it's, and there's, even in the immigration judge was questioning whether or not that was an error in terms of Dr. O'Meara, who was the psychiatrist. And what is the document? I thought you made it clear what the doctor was to deal with the asylum time in his question. Well, there was a statement in the doctor's report. The time was used on his legs. The court used that as an additional evidence of an inconsistent statement in that he told the doctor. He did not testify to that. And the judge, immigration judge, did indicate that could be an error on the part of the doctor. What could be an error on the part of the doctor? In that perhaps it was not stated in the law. What's the statement? I mean, a doctor. We don't know. I would submit I don't know. So with an array of questions and I don't knows and maybe this explains it, how can we say that the immigration judge's decision was not supported by substantial evidence? How can we say that the evidence compelled a different result? If even you acknowledge some of these things are just kind of I don't know. Because I think if the testimony overall in the individual hearing that was held. But what matters is where he's not consistent. And that would be with regard to the one issue, which is the. Oh, isn't that substantial evidence sufficient to support a determination by the immigration judge? Our review here is for substantial evidence, not whether we would reach a different decision. But at the same time. I testify about that. He never said that it couldn't happen. The immigration judge never. Or did the district counsel in terms of why he made this statement or even a doctor? At the same time. His testimony. Thank you. In addition to the. The issue of the inconsistent statements is the fact that. Also has the claim. Policy. But that is specifically. Specifically. At the hearing. I don't think. I don't think that the waiver in the end was accepted. The judge did make specific findings. And the documents presented. The judge also made a legal conclusion. Denying that claim. He's more. He's talking about that. As I understand it. More to suggest. The truth. But where did he come up with any. Holding on. On the. He states. It did not constitute. Past. I'm sorry. That's. The council waived any claim based on course. His family. That's on page 16 of his oral decision. Page six. The court goes off. To actually go through. The claims. Determine the sterilization. Volunteer. So they're. Potentially. Separate grounds. One of them being waiver. The other. It's a loser anyway. Well. Challenge. The waiver. Ground. I. Believe it. Because the judge. Ended up. In essence. Ignoring. He didn't ignore. He. Look. After. He was. Pressing wage. Did he not. I'm sorry. You. Expressly. Waive. Any claim. Based upon. Sterilization. Did you not. That was done. In the trial. Yes. My. My argument is that the judge. Ended up. In. The. In that. Therefore.   Preserved. To keep their power. In there. Watering. And. Having. To. To. To. To. To. To. To. To.     To. To. To. To. Which is not a very volatile. In. The judgment judgment. I set. My. System. I was. What's this issue. Racial. IV. Yes, it was. Well. It was raised. By. Our daughter. Modern. Being my. Oh. This is. Definitely. But. There was. A discussion with regard.   Policy is. You can. Have. Four so I'll. Have. The one shot. Policy skills. Adviation. Issue has that he qualified. The fourth. Our. Is. I recall. The record you make. You see the issue. In your brief to the D.I.A. And. In. This court. Is that correct. Thank you. I reserve it. Time to do it now. I'll reserve it. Thank you. Thank you. Please support. And then the board. They all came. To the same conclusion that he was ineligible. For relief. Specifically. He said. During his hearing before. The immigration judge that he would. Not be pursuing. Family planning policy. Claim is. A person he's specifically weighed that. We're made it very clear. As your honor. Some pointed out. He did we. That claim. The immigration judge used it. Actually as the basis. To support the adverse. Credibility finding. With respect to that. Sterilization claim. At one point. He claimed on page. 100 that. He was sterilized. When of course. He also. Did go on. For some reason. I don't know. If that makes a difference. It will. It doesn't. Your honor. He was discussing it. Because for. For whatever reason. He felt the need to continue. To talk about this claim. Despite the fact. At the beginning of the hearing. He made it very clear. On page 74. When specifically asked. What is the theory. Or what are the theories. For your claim for relief. He says. Basically your honor. It's religious persecution. And that's what he says. In addition. To specifically waiving. He also affirmatively said. We have a line of cases. That say. That if. The IJ. And the BIA. Decide a question. Then. That's sufficient exhaustion. And in a way. It is. I mean. It's peculiar. Because. The whole point of a waiver is. No never mind. You don't have to spend your time in it. We don't know. What your views are. Here we do know. What their views are. Because he did decide it. I don't know. The BIA. I don't think. Specifically addressed it. But he did. The IJ. Did at some length. Well. But not to any. Not to any extent. Other than to say. That these were the facts. That were presented. Or the alleged facts presented. And this is on page 61. He is. He does mention. You know. The wife. Allegedly submitted to sterilization. Was dismissed from her job. But that was over 10 years ago. And that Mr. Yu. Was able to find work. So he was. Really just recounting. That the testimony. That was presented. At the hearing. Which is part of what the IJ. Does in his decision. Is just recount. What was said. He wasn't doing it. In any way. He was. Doing it. Just in the sense. Of passing through. This is. This is what was found. You know. And that this wouldn't be anything sufficient. You know. That would warrant further consideration. Especially considering. That he weighed it. So I think the IJ. May have been just trying to cover his bases. In addressing everything. In his decision. But really. He was not making any finding on that. After. Petitioner. Explicitly. Weighed that claim. And so. That. That is. Not part of. What. This court is reviewing. This court is reviewing. His religious persecution. Claim. Based on his alleged participation. In the Mormon church. Now. There is. Substantial record evidence. To point. To support. The immigration judge's. Adverse credibility finding. For example. These are. Blatant examples. On page 174. Of his written affidavit. He says he was tortured. Tortured by the police. Page 114. And 120. In his testimony. He described being mistreated. By his fellow inmates. He first testified. On page 97. That the police did not know. About the inmate assault. But then testified. On page 114. And 120 to 121.  Then he said on page 121. That he never reported these incidents. Then on page 228. He told his evaluating doctor. That the police. Can't. And. Then on page 999. In his testimony. He said he was not restrained at all. And the only mistreatment. Endured by the police. He was being pushed and kicked. Asked at his hearing. On page 113 to 114. Is this all the police did. He answered yes. Then he testified on page 98 to 119.         That the police did not know. About the inmate assault. And then he testified. On page 124. Then he testified. On page 128. That the police did not know. About the inmate assault. And he asked us for a detention. Wouldn't be sufficient. Okay? Well, there were cases. That case actually was a five to six day detention. So you're right it wasn't quite 14 days. But the fact is that we don't even know that the detention happened. And just because that part may have been consistently. Well, he said 14 days. All the times. There's so much that's inconsistent. That if you disbelieve so many other things. You can disbelieve the entire.   That he was beaten by the police. One of the other things. I just want to say. One of the other things. The agency arguably found that that didn't even occur. And so. You know. It's hard to determine if anything he said was true. When you have this many. As I pointed out. There's so many inconsistencies in the record. Your Honor. You can choose any one of them. They're all material. And go to the heart of the claim. Because they all have to do with the alleged mistreatment. That he. You know. That he claims that he experienced. During that detention.      Is overwhelming evidence. And so. You know. It's hard to determine. If anything he said was true. When you have this many. As I pointed out. There's so many. You can't even. Find enough evidence for an adverse credibility finding. And. And this. These are very specific. The Immigration Judge articulated them. You can see them within the testimony. And also. Between the testimony. And the written evidence. Both his own affidavit. And what he supposedly reported to the doctor. Now. Opposing counsel says. Well I don't know if the doctor made that up. And as your Honor pointed out. Why would the doctor make up something that. That he told him. And. And if he did. I mean. That's just further discredited his case. You know. If you have a doctor that reports. Incorrect information. You can't credit anything the doctor would have said. And so. So that. That did not help his case at all. And. It just offered more inconsistencies. As did the sterilization claim. Because he first claimed that he was sterilized. Then he said. No I wasn't. It was my wife. And so. Arguably. That whole claim fell apart. As soon as he was. Completely contradictory. In terms of what happened with that claim. Now. As far as. The. The. It was also. He was given the opportunity. He was confronted. With these inconsistencies. He was asked to explain. And. In fact. A specific explanation. Was completely unresponsive. You know. He was asked. How. How did the police know. That you were beaten. Or mistreated by the inmates. And he just said. Well. My wife told me. That the inmates were demanding money. Which.  And. And that was on. Impeachment. Immigration judge noted all of these things. And then. The immigration judge. Did go ahead. And. And say. You know. He did make that finding. Like you said. That. You were talking about. A 14 day. Detention. And. That type of thing. And then he said. Well. There is no evidence. That he would have experienced. Torture. I mean. He claims torture. But then in his testimony. What he said was being pushed. And kicked. And that was hardly anything. That would. That would rise to the level. Of torture. And. And so. That also. That would cover the cat claim. And then as far as the persecution. Also. There was no mistreatment. And. What he demonstrated. Was not anything. That would rise to the level. Of persecution. And especially. Because he was claiming. That he was fired from work. Afterwards. And there was. If you were kept in detention. For 14 days. And pushed. And his head was pushed. To the table. And he was kicked. Would that be sufficiently. Persecution? Your honor. The judge found. That it was not usually. That. Your honor. Did he not find. Anything about it? Well. What the immigration judge. Did say. That. And this is on page 60 to 61. That he was kicked a few times. And suffered no injuries. To the fact that he. Didn't have anything injurious enough. That warranted further notice. Or medical attention. Or anything like that. I mean. Again. This is even assuming. That this happened. Which. Your honor. Arguably. None of this happened.   Do we need to accept that. In annihilation? In other words. I'm. Far from certain. I don't. I don't. I don't. Or would there be any.  For holding back. Keeping somebody. In. Prison. For 14 days. On a restricted diet. Apparently. And kicking him. In. And pushing his head. Isn't. Persecution. Does that matter. To this case. Well. Your honor. The fact. Is that. It does. Matter. In the sense. Of finding a. Finding a past persecution. That's not always determinative. Of future persecution. But. Doesn't matter. In other words. Is that. A. A pertinent. Finding. Or is the ultimate. Finding here. That he wasn't. Believable. In general. And I don't even know. If that happened. Well. That. That's certainly. What the government. Would contend. Is that. Is that. There is so overwhelming. Evidence of. Incredibility. That the court. Should not even. Reach the issue. Of what would constitute. Persecution. In this case. Past persecution. And the fact is. With respect. To showing his eligibility. He would have to show. Future persecution. As well. And the fact is. That there was nothing. In the evidence. That showed that he would. Be. Experienced future persecution. He. Nothing ever happened to him. After his release. And he remained in China. For a year. After that release. And nothing happened to him. During that time. And there's no evidence. To suggest. That the Chinese government. Is aware. Of what he's been doing. Or that he would go back. And practice this religion. So there's absolutely. No evidence. To support an objectively. Reasonable. Or. I should say. More likely than not. Clear probability standard. Of the withholding of removal. Which is what he would have to show. So. And certainly nothing. That would amount to torture. Especially considering. He's saying it wasn't Bayer. With the acquiescence. Of the police. He's saying it was the inmates. Now. That did that. And that the police didn't know about it. Or maybe they did. But again. It's all an adverse credibility finding. In the first instance. Well where did. The district. The IJ. Find. The. Respondent. Not credible. In general. As opposed to. I mean. He said that he wasn't. Credible. With regard to the story. About his not being able to find a job. Afterwards. And. Not credible.       I know. That's not. It's not. It's not. It's not. It's not. It's not. It's not. It's not. It's not. It's not.          It's not. It's not. It's not. It's not. It's not. It's not. And then he underlines the credibility in there and then goes on to discuss it. There were substantial. Material. He made the statement. You see the one thing he never says is that he wasn't. Credible. With regard to the having been arrested. For 14 days. He never said. He says. The inconsistent statements pertain to the alleged. Mistreatment. And. Then. Top of page. Six is probably the closest thing to a general statement. But I see. Top of page. Sixteen. Sixteen. Of the decision. The respondents testimony regarding his detention. His wife sterilization.         It's not. It's not. It's not. It's not. It's not. It's not. It's not. It's not. It's not. It's not. It's not.   It's not. It's not. And. Not. A great deal. Number of instances. Thank you very much. I wanted to go back briefly to the waiver issue and note that on page 61 of the transcript, the judge does say even if the respondent did not waive the claim, the claimant would not be held liable for a misdemeanor violation of the law. And then he goes on to indicate that the sterilization of his wife was in fact voluntary. And that's based in part upon the sterilization document as well as the. The question is, if a IJ makes a ruling in the alternative, he says A, there's waiver B, there weren't. Why doesn't the waiver hold anyway? I mean, it's rare to see a more express waiver. It was absolutely lucid. But at the same time, there was testimony that was taken with regard to that issue. There was testimony not only from the judge, his counsel, as well as the government counsel with regard to this issue. Even if you say even after the waiver and then the judge actually makes concrete conclusions based on that. Based on this question of what happens if there are alternative holdings, one in the marriage and one procedural with regard to exhaustion. I believe that the court. Thank you, counsel. The case of Dunes v. Culver is submitted. And thanks to counsel for a useful argument.
judges: D.W. Nelson, Berzon, Clifton